LEHIGH INC. (Formerly Lehigh Foundries, Incorporated), Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 40998.

United States District Court
E. D. Pennsylvania.

Sept. 23, 1968.

5. La.CC 2315.

Andrew L. Herster, Jr., Easton, Pa., Richard S. Buell, John A. Dowd, Buell, Clifton & Turner, New York, N. Y., of counsel, for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Robert St. Leger Goggin, Asst. U. S. Atty., Phila., Pa., for defendant.

OPINION

JOHN MORGAN DAVIS, District Judge.

Before the Court are Rule 56 cross-motions for summary judgment. The plaintiff essentially asserts that it is entitled to recover interest paid on a portion of an income tax deficiency which

was purportedly extinguished in a later year.[1]

Briefly, the facts are as follows. The plaintiff is a corporation which operates on a fiscal year basis, terminating September 30th. In the years ending September 30, 1953 and 1954, the plaintiff duly filed tax returns and satisfied its income and excess profits taxes, by the December 15 due date. The FY 1953 return was prepared in accordance with the Internal Revenue Code of 1939, and the FY 1954 return in accordance with the then-recently effective 1954 Code. After some modifications and adjustments,[2] the plaintiff paid taxes aggregating $253,934.26, for the fiscal year 1954.

The complaint alleges that on August 19, 1955, as a result of flooding, the plaintiff experienced a casualty loss. This created a net operating loss for the fiscal year ending September 30, 1955. Under authority of Section 172 of the 1954 Code, the plaintiff applied for a net operating loss carryback, which was tentatively granted. Accordingly, refund checks were received from the Treasury Department on December 15, 1955, for the fiscal years 1953 and 1954, in accordance with Section 172(b) (1) (A).

Then on April 27, 1962, the plaintiff filed a claim for a refund for the fiscal year ending September 30, 1954. This claim was favorably considered, and the plaintiff was authorized to apply $125,368.03 against a then-existing deficiency for the year 1953 (not at issue), of $218,923.10. In so doing, the Government considered that $125,368.03 of the 1953 deficiency had been extinguished as of April 27, 1962, the date that the plaintiff filed the claim. Consequently, it had assessed interest from September 30, 1953, the date that the deficiency arose, until April 27, 1962, the date the deficiency was deemed satisfied by the set-off.

The plaintiff is asserting that the deficiency should have been deemed extinguished, not on the application date (4/27/62), but on the due date of the return for the loss year (12/15/56). This is the precise issue presently before the Court.

I.

■ Preliminarily, we hold that the 1939 Code applies in determining the effective date of a refund for fiscal years ending on September 30 of 1953 and 1954. This is based on Section 7851(a) (6) (B) of the 1954 Code, which provides that the provision of the 1939 "Code" * * * "shall remain in effect until January 1, 1955, and shall also be applicable to the taxes imposed by this title." This provision includes Section 3771(e) regarding claims on carryback of losses or credits.

This statute has been further implemented by Treasury Regulation 1.395–1(a) which states that "all years beginning before January 1, 1954, and ending either before, on or after August 16, 1954 are subect to the Internal Revenue Code of 1939."

We also note that the plaintiff does not strenuously contest this conclusion, since it is "willing for the purposes of this motion to concede that the 1939 Code applies "(p. 4 plaintiff's brief in support of its motion).

II.

A technical defense has been interposed by the Government. It is contended that the plaintiff is barred from recovery for asserting a theory of recovery in its complaint which differs from the grounds set forth in its original claim for a refund.

■ While this requirement is indeed the law (see Treasury Regulation 301.6402–2(b), implementing Section

---

1. In addition to the refund of interest already paid, the plaintiff also seeks to recover part of the interest on a bond and mortgage pledged to secure payment. Finally, the plaintiff alleges that it is entitled to statutory interest on the entire

transaction, in accordance with 28 U.S.C. § 2411(a).

2. Although not relevant for the purpose of this decision, the adjustments are set forth on page 4 of the Government's brief.

587 of the 1954 Code

7422 of the 1954 Code) it has not been construed as strictly as the Government herein asserts. The purpose of this requirement is quite properly to "apprise the Commissioner of the exact basis thereof". *Nemours Corp. v. United States*, 188 F.2d 745, 750 (3rd Cir., 1951). The fact that the plaintiff originally based its application for refund [3] on the analogous provision of the *1954* Code, rather than the *1939* Code, did not deprive the Commissioner of a clear understanding of the plaintiff's contention and theory of recovery. Indeed, even if the plaintiff's case were prosecuted under the 1954 Code, only a nominal variance would result. There was sufficient information supplied by the plaintiff pursuant to its various refund claims to adequately apprise the government of the pendency of a claim under the 1939 Code.[4]

## III.

Turning to the merits, we hold that Section 3771(e) of the 1939 Code is applicable. This statute provides, in relevant part:

### Claims based on carry-back of loss or credit.

If the Commissioner determines that any part of an overpayment is attributable to the inclusion in computing the net operating loss deduction for the taxable year of any part of the net operating loss for a succeeding taxable year * * * no interest shall be allowed or paid with respect to such part of the overpayment for any period before the filing of a claim for credit or refund of such part of the overpayment or the filing of a petition with the Tax Court, whichever is earlier * * *.

Here, the "filing of a claim for credit or refund" transpired on April 27, 1962. The calculation of interest was properly based on this date.

The plaintiff asserts, however, that Section 4.02(2) of Rev.Proc. 60–17 1960–2 Cum.Bull. 942, 952 would dictate a contrary result. This regulation is as follows:

### Interest on deficiencies extinguished by overpayment due to carryback loss.

Interest is terminated on any deficiency extinguished by an overassessment attributable to a net operating loss carryback on the last day of the last year provided the deficiency is for a 1954 Code tax year. If the deficiency is for a 1939 Code tax year, interest is terminated on the due date of the return for the loss year. This is true regardless of whether the loss year is governed by the 1939 or 1954 Code.

We agree with the Government's position regarding the Regulation cited above, that there was no *deficiency* owing by the plaintiff in FY 1954. Indeed, the plaintiff satisfied the taxes then due in a timely manner, by December 15, the statutory filing date (See par. 3, Complaint). The above cited provision is applicable only in the situation where the taxpayer has experienced a *deficiency* in a given year, which is *subsequently* offset (or eliminated) by a tax loss carryback. Absent this situation, the general rule implementing Section 3771(e) of the 1939 Code (and its counterpart in the 1954 Code) is applicable:

* * * If a loss occurring in a 1954 Code tax year is carried back to a year in which the taxes were imposed by the 1939 Code, the taxpayer's right to relief is considered to arise on the due date of the return for the loss year. However, no interest is allowable on an overpayment attributable to the carryback loss unless a claim * * * was filed for the year in which the loss is applied. *Interest is then allowable from the date of the claim* * * * or

---

3. See plaintiff's affidavits Nos. 1 and 2.

4. Since we have determined that the plaintiff is not barred from prosecuting this complaint under Treasury Regulation

301.6402–2(b), the plaintiff's alternative argument that the Government has waived its right to object to the sufficiency of the refund claim need not be considered.

from *the date of the overpayment, if later*. Rev.Proc. 60–17 Sec. 4.02(1) (emphasis added).

Accordingly, Summary Judgment will be entered in favor of the defendant.

It is so ordered.